United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE RETTICK,<br>Plaintiff,<br>v.<br>SANTA CLARA VALLEY TRANSPORTATION AUTHOIRTY,<br>Defendant. | Case No. 26-cv-02033-NW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF No. 12 |

On March 10, 2026, *pro se* Plaintiff Renee Rettick filed this action alleging that Defendant, the Santa Clara Valley Transportation Authority (the "VTA"), violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117. ECF No. 1 at 8. Before the Court is the VTA's motion to dismiss. ECF No. 12. The motion is suitable for determination without oral argument, (*see* Civil L.R. 7-1(b)), and the September 22, 2026 hearing is **VACATED**. For the following reasons, the Court **GRANTS IN PART** the motion with leave to amend and **DENIES IN PART** the motion.

## I. BACKGROUND

The facts as alleged in Plaintiff's Complaint are sparse.[1] Some time prior to 2020, Plaintiff injured her hand while on the job with the VTA. ECF No. 1 at 9–10. On or about February 3, 2020, she "was separated from employment" with the VTA "because of not taking another

[1] Plaintiff sets forth many additional facts in her opposition to the motion. *See* ECF No. 16 at 2–6. The Court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," in determining whether to grant the motion. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "Nonetheless, particularly in the case of a *pro se* Plaintiff, the Court may look to proffered facts in an opposition in determining whether to grant leave to amend." *E.g.*, *Castillo v. City of San Jose*, No. 24-cv-00701-SVK, 2025 WL 1370811, at *3 (N.D. Cal. May 12, 2025).

position" with the VTA. *Id.* She alleges that she did apply and test for other positions, passed the tests, and qualified for some of the positions, but she was not offered any jobs with the VTA. *Id.* Accordingly, based on the VTA's failure to hire her, termination of her employment, failure to promote her, failure to accommodate her disability, and retaliation, she brings this action. *Id.* at 9.

Plaintiff filed a case with the Equal Employment Opportunity Commission ("EEOC") in June, 2025, and received a right-to-sue letter in December, 2025. *Id.* at 10. The EEOC charge is attached to the Complaint and makes clear that she "was separated" after the VTA determined she could not continue as a Coach Operator and "she was not able to find another position." *Id.* at 14. Plaintiff further explains that she reapplied for a different VTA position in January, 2025, and was informed by a recruiter in February 2025 that her application would not be processed "because [Plaintiff] was marked in Respondent's system as not eligible for re-hire." *Id.*

## II. ANALYSIS

### A. Plaintiff's Complaint is Dismissed with Leave to Amend Under Rule 8

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Accordingly, a pleading must 'give[ ] fair notice and state[ ] the elements of the claim plainly and succinctly.'" *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint is subject to dismissal when it fails to comply with the requirements of Rule 8. *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

Here, Plaintiff's Complaint clearly alleges a relevant law, namely the ADA. But the complaint does not sufficiently allege facts supporting Plaintiff's cause of action so that the VTA is on notice of Plaintiff's claim or that would allow this Court to evaluate the defenses raised by the VTA. For example, it is not clear whether Plaintiff's claim is directed to her dismissal, the failure of the VTA to extend her a leave of absence beyond two years, or their decision to mark her as ineligible for rehire. ECF No. 1 at 10; *see also* ECF No. 16 at 2–4 (in her opposition, Plaintiff explains that she was only "made aware of the discrimination [and] retaliation . . . after [her] email dated January 13, 2025" to a VTA recruiter, that the VTA "intentionally withheld" information from her, that she thought she "left in good standing" and thought she would be

"welcomed back").

Defendant's motion to dismiss the Complaint for failure to comply with Rule 8 is **GRANTED with leave to amend**. In amending her Complaint, Plaintiff must set forth at least the following facts, as she recalls or is best able to determine:

- The exact date that she separated from the VTA;
- Whether she knew that she was dismissed or whether she thought she left voluntarily and in either case the reason for her belief;
- If she did not know she was dismissed, how and when she found out she had been dismissed;
- How and when she found out she had been marked ineligible for re-hire;
- The length of disability leave granted for her injury and the terms of that leave;
- Whether she participated in or initiated the 2020 proceeding between the Amalgamated Transit Union, Local #265 ("ATU") and the VTA, reflected in Exhibit A to the VTA's motion to dismiss.

The VTA's motion to dismiss is otherwise **DENIED** without prejudice. In responding to Plaintiff's FAC, the VTA may re-assert its statute-of-limitations and collateral-estoppel arguments to the extent they are appropriate.

## III. CONCLUSION

For the reasons stated above, the VTA's motion is **GRANTED IN PART** with leave to amend and **DENIED IN PART** without prejudice as explained above. Plaintiff shall amend her Complaint, consistent with the Court's guidance above, **no later than October 6, 2026**.

The Court encourages Plaintiff to seek free legal assistance from the Federal Pro Se Program located in the San Jose Courthouse. The Federal Pro Se Program will not represent her in this action but can provide basic legal assistance at no cost. She can schedule an appointment by calling (408) 297-1480 or emailing hsong@asianlawalliance.org. She can find more information about the Legal Help Center at: https://cand.uscourts.gov/pro-se-litigants/. The court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including

United States District Court
Northern District of California

discovery, motions and trial. She can access the guide online (https://cand.uscourts.gov/pro-se-handbook/) or in hard copy free of charge from the Clerk's Office.

**IT IS SO ORDERED.**

Dated: September 15, 2026

Noël Wise
United States District Judge